IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW W. JOHNSON, #00658179, Plaintiff, | § § § § | |
| v. | § § | No. 3:25-CV-2433-K-BW |
| BPP, et al., Defendants. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Matthew W. Johnson's Prisoner's Civil Rights Complaint, received on September 9, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the complaint without prejudice for improper venue.

## I. BACKGROUND

Johnson, a Texas state prisoner incarcerated in the Skyview Unit of the Texas Department of Criminal Justice ("TDCJ"), filed a complaint against the Texas Board of Pardons and Paroles ("BPP") and "Mr. Wray" for violation of his civil rights.[2] (*Id.* at 1.) Johnson states that he is wrongfully imprisoned, and he appears to

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

[2] Johnson has not paid the filing and administrative fees of $405.00 for a civil action or submitted a request to proceed in forma pauperis, along with a certified statement of the balance in his inmate trust account, in this action. Notwithstanding Johnson's filing fee deficiency, the administration of justice is better served in this instance by addressing the improper venue of this action.

complain about an arrest and detention in Harris County, Texas, from December 2024 to May 2025, a violation of the state parole revocation process "via Zoom" in March 2025, and the use of "a simulcast since 01/2021 [that] is against my civil rights and human rights." (*Id.* at 4.)  Also attached to the complaint are 20 pages of internal grievances submitted by Johnson at the Skyview Unit regarding the calculation of his sentence and various conditions of his confinement. (*See id.* at 6-25.)  Johnson asks the Court to "use all of their resources to help me stop the suspect(s) violating the resources." (*Id.* at 4.)

## II.  VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the civil rights claims Johnson appears to raise in his complaint. *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989).  Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction.  Pursuant to 28 U.S.C. § 1406(a), a district court has the discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue only if it is in the interest of justice to make such a transfer.  *See* 28 U.S.C. § 1406(a).  A district court may raise the issue of venue sua sponte.  *See, e.g.*, *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).

Here, Johnson does not cite any basis for venue in this district; he does not allege any facts showing that any defendant resides in the Northern District of Texas for purposes of venue or that any part of the events or omissions that gave rise to his claims occurred within the geographical boundaries of this district. Rather, Johnson indicates that the two defendants named in the complaint's case caption respectively reside in Austin, Texas, which is in Travis County, within the Austin Division of Western District of Texas, and Washington, DC, which is within the District of the District of Columbia. (*See* Dkt. No. 3 at 1); 28 U.S.C. § 88, § 124(d)(1). Further, the events and omissions of which Johnson complains appear to have occurred either in Harris County, Texas, where he was arrested and detained, or at the Skyview Unit of the TDCJ in Rusk, Texas, where he is now incarcerated. (*See* Dkt. No. 3 at 3-4, 6-25.) Harris County is located within the Houston Division of the Southern District of Texas, and Rusk is in Cherokee County, within the Tyler Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(b)(2), § 124(c)(1). There is no indication that venue lies within this district.

Here, it is not in the interest of justice to transfer this case because it is unclear where a substantial part of the events or omissions giving rise to Johnson's claims occurred. From the complaint and attachments, it appears that a substantial part of the events or omissions giving rise to Johnson's claims may have occurred in (1) the Southern District of Texas, Houston Division, to the extent Johnson complains about his arrest, detention, or revocation proceeding via Zoom in Harris County, or (2) the Eastern District of Texas, Tyler Division, to the extent it seems Johnson is

3

complaining about various conditions of his confinement at the Skyview Unit. *See* 28 U.S.C. § 1391(b)(1), (b)(2). In addition, as to Defendant Wray in particular, Johnson does not specify how he is involved in any of his claims, allege any facts showing that this defendant is a state or federal actor for purposes of a civil rights action, or otherwise state a claim against him upon which relief may be granted. The Court therefore should exercise its discretion to dismiss this case for improper venue and without prejudice to Johnson's filing his complaint in a proper venue, rather than transferring it.

### III.  RECOMMENDATION

The Court should **DISMISS** the Prisoner's Civil Rights Complaint, received on September 9, 2025 (Dkt. No. 3), without prejudice for improper venue.

**SO RECOMMENDED** on October 17, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).